UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| STEPHEN MICHAEL SCHROEDER,              ) | |
|                                                                       ) | |
|                         Plaintiff,             ) | |
|                                                                       ) | |
|         vs.                                                 )  | 1:11-cv-1278-TWP-DML |
|                                                                       ) | |
| BRIAN BOSMA, in his official capacity  ) | |
|   as Speaker of the Indiana House of    ) | |
|   Representatives,                                 ) | |
|                                                                       ) | |
|                         Defendant.         ) | |
|                                                                       ) | |

**Entry and Order Dismissing Action**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [Dkt. 2] is **granted.**

**II.**

Plaintiff Stephen Schroeder has brought this civil rights action alleging that Brian Bosma, in his official capacity as the Indiana Speaker of the House, has violated Schroeder's First Amendment rights by failing to remove a mural from the House Chambers. The plaintiff alleges that Speaker Bosma has violated a permanent injunction issued by then District Court Judge David Hamilton by permitting the mural to hang in the House chambers. The injunction referenced is one against permitting sectarian prayer as part of the official proceedings of the Indiana House of Representatives. *Hinrichs v. Bosma*, 400 F.Supp.2d 1103 (S.D.Ind. 2005). The plaintiff seeks the immediate removal of the mural, named *The Spirit of Indiana*, because a portion of it allegedly depicts a goddess of agriculture.

Because the plaintiff has requested and been granted leave to proceed *in forma pauperis,* the complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it fails to state a claim upon which relief can be granted. *See, e.g., Arnett v. Webster*, 2011 WL 4014343, *1 (7th Cir. 2011). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "A complaint must always . . . allege enough facts to state a claim to relief that is plausible on its face." *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

Schroeder's action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); see also *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983).

There are at least two fatal deficiencies to Schroeder's complaint. The first is that the alleged violation of the injunction does not support a claim for relief under 42 U.S.C. § 1983. *Kindred v. Duckworth,* 9 F.3d 638, 641 (7th Cir. 1993). The second deficiency is

that the injunction is no longer in place because the Seventh Circuit Court of Appeals reversed the decision when it concluded that the taxpayer plaintiffs in that case lacked standing to challenge the prayer practice in the House of Representatives. *Hinrichs v. Speaker of House of Representatives*, 506 F.3d 584 (7th Cir. 2007) (to have taxpayer standing, a person must show that the challenged program is supported by monies raised through taxes and specifically appropriated for that purpose). Therefore, there is no violation of an injunction as alleged by the plaintiff.

Accordingly, the action must be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/08/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Stephen Michael Schroeder
3345 Riverside Drive
Columbus, IN 47203